*In re* STRINGER'S ESTATE.

*In re* LANG et al.

*(Surrogate's Court, Westchester County.* May, 1890.)

EXECUTORS AND ADMINISTRATORS—PROOF OF CLAIM—EXPRESS CONTRACT.

On the judicial settlement of his accounts an executor sought to establish a claim against decedent's estate for services rendered, taxes paid, and for board furnished by him. It appeared that the claimant had lived with decedent in her house, and that she had taken her meals at his table for about four years. The testimony of a witness whom decedent had sent to ask the claimant to visit her, and who heard the conversation between them, was as follows: "Mrs. Stringer [decedent] asked him [claimant] if he would move there, and after some talk about it he finally consented. He said that he had hired a place, and got a place where he wished to go, and it would not pay him to move there. * * * During the conversation she said that he would not lose anything by the operation. * * * Just before he left, she asked him to pay the taxes, but he did not make any answer." Decedent never paid claimant any money, or acknowledged any liability to do so. She bequeathed to him her household furniture and the use of part of the house for five years, on condition that he should pay the taxes. *Held*, that the services, etc., were rendered and furnished under an express contract, and, the terms thereof not being shown by the evidence, the claimant could not recover on a *quantum meruit.*

Proceedings for the judicial settlement of the accounts of William Lang and Celia A. Howell, as executors of the will of Eliza Stringer, deceased. Mrs. Stringer was a widow, and in delicate health. She lived in a house which she owned in the town of Mamaroneck with a servant girl and one Frank Coles, a nephew of William Lang, whom she had brought up. Young Coles being about to leave her, she sent him to get his uncle to come to see her. The uncle accordingly came, and after some conversation with Mrs. Stringer he agreed to bring his family to Mrs. Stringer's house. He lived in the house for about four years. He now seeks to recover on a *quantum meruit* for services rendered, for taxes paid, and for board, amounting to about $2,800. The claim is contested by Celia A. Howell, the executrix, who is a residuary legatee, and others.

*Arthur S. Hoffman,* for executor, Lang. *H. T. Dykman,* for contestants.

COFFIN, S. The testimony of those witnesses who related what the testatrix said to them when the claimant was not present, touching the terms on which he occupied the premises, and which was objected to, must be disregarded, the objection being well taken. The case must therefore be determined upon the other evidence given. It has been well and wisely settled that a claim of an executor or administrator against the estate he represents should be regarded with suspicion, and its merits closely scrutinized. The

reasons are too obvious to require repetition here. It is quite apparent that in this case there was an express contract or agreement between the deceased and the claimant; and because he is unable to prove its terms he cannot abandon it and seek to recover a *quantum meruit* on an implied contract. If he cannot recover according to the terms of the express contract, he must fail. The principle is that promises in law exist only in the absence of express promises. Chit. Cont. 25. The facts disclosed are substantially these: Coles, the young man deceased had reared, was about to leave, and at her suggestion he went to get his uncle, the claimant, to come and see her. His testimony is given thus: "Mr. Lang and Mrs. Stringer were up-stairs in her room, and I was present. Mrs. Stringer asked him if he would move there, and, after some talk about it, he finally consented. He said that he had hired a place, and got a place where he wished to go, and it would not pay him to move there. After quite a good deal of conversation and talk he finally consented, and she seemed very much pleased. During the conversation she said he would not lose anything by the operation, and that Frank had been very good to her. Just before he left she asked him to pay the taxes, but he did not make any answer." This testimony is very unsatisfactory. It gives none of the details of the conversation as to the terms considered between the parties, and yet the claimant moved there with this family, occupied certain rooms in the house, as did the deceased certain other rooms; he did pay the taxes, and delivered the receipts therefor to her; she ate her meals with his family about seven months in the year, except when she had company, and there is not a particle of evidence to show that she ever paid him any money, or acknowledged any liability to do so, or that he ever demanded any at any time during the four years over which the relations extended. By her will she bequeathed to him her household furniture, and also devised to him the use of the part of the house and part of the land for five years, on condition that he should pay the taxes. These facts alone lead my mind to the conclusion that there was an express agreement between the parties. But there is an additional fact of much cogency. The claimant himself was called to the stand and asked to "state what the contract was between you and Mrs. Stringer in relation to your coming there and taking care of the place." The question was objected to, and the objection sustained, but the question itself concedes the fact that there was a contract, and was doubtless based upon information obtained from the client. The learned counsel for the claimant, in a brief submitted, says the contract could not be proven "because of the objection to claimant's testifying," and that he therefore relies "on the law of that large class of cases which hold that services being performed, the law implies a promise of payment." Those cases to which he refers are cases where services were rendered in the absence of any express agreement. I cannot divest my mind of the belief that there was such an agreement, and its terms not having been established, it cannot be enforced. The claim is therefore disallowed.